| | |
|---|---|
| In re STEVE C. FUSTOLO,<br>    Debtor.<br>STEVEN C. FUSTOLO,<br>    Appellant,<br><br>  v.<br><br><br>THE PATRIOT GROUP, LLC.,<br>    Appellee. | Civ. Act. No. 19-10343-TSH |

### MEMORANDUM AND ORDER ON APPEAL FROM BANKRUPTCY COURT
**February 11, 2020**

**HILLMAN, D.J.**

### Nature of the Proceeding

This is an appeal from a final order of the United States Bankruptcy Court for the District of Massachusetts in an adversarial proceeding brought by the Patriot Group, LLC ("Patriot") against Steven C. Fustolo ("Fustolo") granting judgment in favor Patriot and thereby denying Fustolo a discharge.

### Background

In his appeal, Fustolo seeks to overturn the bankruptcy court's decision on the grounds that: (i) he was denied due process and the right to a fair trial when the bankruptcy court entered its spoliation/ Rule 37 order; (ii) he was denied due process and the right to a fair trial when

Judge Feeney refused to recuse herself; (iii) the evidence did not support a judgment against him on any of the Counts; and (iv) this Court violated his due process right to fairly pursue this appeal by denying his request for an additional time to file his brief. For the reasons set forth below, Fustolo's appeal is *denied* and the parties' cross-motions for sanctions are *denied*.

## **FUSTOLO'S APPEAL**

### **Discussion**

In his appeal, Fustolo asserts that the bankruptcy court's decision should be overturned because (i) he was denied due process and his right to a fair trial when the bankruptcy court entered its "spoliation/Rule 37 order"; (ii) he was denied due process and his right to a fair trial when Judge Feeney refused to recuse herself; and (iii) the evidence did not support judgement against him on any of the counts. Fustolo also takes issue with the "short window of time" this Court gave him to file his brief and contends that his due process rights would be violated if the Court does not grant him an additional 60 days to file a revised brief.

### Standard of Review

"A district court has jurisdiction to hear an appeal of a decision of a bankruptcy court under 28 U.S.C. § 158(a). A district court reviews a bankruptcy court decision 'in the same manner' as the court of appeals would review a district court decision. Legal conclusions are reviewed de novo, and factual findings are reviewed for clear error. '[C]onsiderable deference' is given to the 'factual determinations and discretionary judgments made by a bankruptcy judge.'" *In re Wolverine, Proctor & Schwartz*, LLC, 527 B.R. 809, 819 (D. Mass. 2015)(internal citations and citation to quoted case omitted).

Procedural Background

After a six day trial on the claims which remained outstanding, the bankruptcy court found against Fustolo on Counts I (11 U.S.C. § 727(a)(2)(A) which precludes the entry of discharge if debtor with intent to hinder, delay or defraud creditor transferred, removed, or concealed property of estate within one year prior to filing of petition), II (11 U.S.C. §727(a)(2)(B) which precludes entry of discharge if debtor with intent to hinder, delay or defraud creditor transferred property after filing of petition) , III (11 U.S.C. § 727(a)(3) which provides court shall grant debtor discharge unless debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers from which debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under circumstances of case) and V (11 U.S.C. § 727(a)(5)(court shall grant debtor discharge unless debtor has failed to explain satisfactorily any loss of assets or deficiency of assets to meet his liabilities). The court found in his favor on Count IV (11 U.S.C. § 727(a)(4) which provides debtor can be refused discharge if knowingly and fraudulently made false oath relating to a material fact), and did not find it necessary to address Count VIII. Accordingly, the judge denied Fustolo a discharge. In reaching her decision, Judge Feeney determined that Fustolo was not credible. She also made adverse inferences against him as a result of his failure to fully comply with discovery orders and his invocation of his Fifth Amendment right not to incriminate himself. She also made an adverse inference that had he produced the discoverable materials, the information contained therein would have been damaging. With this background, the Court will *briefly* review the merits of Fustolo's appeal.

<u>Violation of Due Process Right to Fair Trial: Bankruptcy Court's Rule 37 Order</u>

After hearing and based on his actions during the entirety of the proceedings, the judge found that Fustolo had failed to obey a discovery order and that sanctions were warranted pursuant to Rule 37(b)(2). Accordingly, the judge prohibited Fustolo from introducing at trial any document which had not been produced to Patriot prior to his deposition (which the judge had ordered). Fustolo was barred from testifying about any such documents and was prohibited from introducing any document or financial records which had been electronically prepared but were not produced in their electronic format (particularly certain documents that contained disclaimers rendering them unreliable). The judge specifically made no finding as to whether Fustolo intentionally spoliated evidence.

Fustolo's argument that the judge's order violated his right to a fair trial and forced him into a dilemma to choose between violating his Fifth Amendment rights or harm his ability to defend himself is meritless. First, he cites no legal authority in support of this argument. He also fails to document how he complied with the bankruptcy court's discovery orders (he simply suggests that *some* documents had been delivered to Patriot's former counsel), and fails to specify what documents and other evidence he was prohibited from presenting to the court. Other than conclusory generalizations such he was prohibited from "delivering a full-throated defense," he fails to specify how he was prejudiced by the judge's ruling. The Court will note that Judge Feeney's order was thorough and set out the factual and legal basis for her ruling and *nothing* in Fustolo's submissions supports a finding that she erred in making her findings of fact or that she abused her discretion when she entered her order prohibiting him from offering certain evidence at trial.

## Failure of Judge Feeney to Recuse Herself

Judge Feeney denied Fustolo's motion for recusal without significant discussion, finding that it was a transparent attempt to delay the trial and avoid sanctions. More specifically, she found that her impartiality could not be reasonably questioned and that recusal was unwarranted. Fustolo contends that Judge Feeney's recusal was warranted based on her ordering him to produce documents before his deposition which in his words, "placed his Fifth Amendment rights in jeopardy."

Federal Rule of Bankruptcy Procedure 5004(a) provides that disqualification of a bankruptcy judge shall be governed by 28 U.S.C. § 455, which in turn requires recusal where the judge's "impartiality might reasonably be questioned," see 28 U.S.C. § 455(a), and where the judge actually "has a personal bias or prejudice concerning a party." *See* 28 U.S.C. § 455(b)(1). Under § 455(a) "disqualification is appropriate only if the facts provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's partiality." *U.S. v. Voccola,* 99 F.3d 37, 41 (1st Cir.1996). I will note that rather than citing to an official transcript or official court records/evidence in support of many of his statements and proffers regarding Judge Feeney's alleged bias, Fustolo cites to the memorandum he filed in the bankruptcy court in support of his request that Judge Feeney recuse herself. In that memorandum he purports to quote statements made by the judge during hearings. For reasons which should be obvious, citation to Fustolo's unsworn memorandum are not proper record evidence. Additionally, even if I were to give credence to the "evidence" cited by Fustolo in support of his arguments, neither the statements allegedly made by Judge Feeney nor her rulings

establish any type of bias—instead, it is clear that she attempted to craft a ruling that satisfied both Fustolo's discovery obligations and preserve his Fifth Amendment rights.

" 'The disqualification decision [under § 455] must reflect not only the need to secure public confidence through proceedings that appear impartial, but also the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic purposes.' " *In re Bulger*, 710 F.3d 42, 47 (1st Cir.2013) (quoting *In re Allied–Signal Inc.*, 891 F.2d 967, 970 (1st Cir.1989) (emphasis in original)). Because I find that Judge Feeney's appearance of impartiality cannot reasonably be questioned, I also find that she did not have an actual personal bias or prejudice concerning the parties. *See In re Martinez–Catala*, 129 F.3d 213, 220 (1st Cir.1997) (finding discussion of plaintiffs' 455(b)(1) argument unnecessary because 455(a) "covers the same ground and reaches even further"). "[A] judge must avoid yielding in the face of unfounded insinuations." *In re U.S.*, 158 F.3d 26, 35 (1st Cir. 1998). On the record before me, I find that Judge Feeney did not abuse her discretion by refusing to recuse herself. *See In re Bulger*, 710 F.3d at 45 (on appeal, court enquires only whether lower court judge abused his/her discretion in declining to recuse; abuse of discretion will be found only reasonable reading of record fails to support conclusion that judge's impartiality was not subject to question).

<u>Whether Bankruptcy Court Decision was against Weight of Evidence</u>

Fustolo asserts that the bankruptcy court's order must be overturned because the there is insufficient evidence to support a finding against him on Counts I-III and V. More specifically, he argues as to Count I, that Patriot failed to prove by a preponderance of the evidence that his transfers were intended to hinder, delay or defraud a creditor. Without citing to the record,

6

Fustolo also asserts that he adequately explained the alleged fraudulent transfers and it was court error (influenced by the judge's personal dislike of him) that caused judgment to be entered against him. He again asserts, without identifying any specific evidence, that had he been permitted to offer into evidence documents which the bankruptcy court excluded in its sanction order, he could have further shown that "any transfer was not of his personal property and/or were not with the intent to hinder, delay or defraud." Fustolo makes similar, if not identical arguments regarding Counts II, III, and V, that is, that Patriot failed to meet its burden of proof and the court's order prohibiting him from offering unspecified documents at trial was reversible error because it prevented him from establishing his defense.[1]

Given the complete lack of developed factual and legal analysis in support of his arguments, I find that Fustolo has forfeited his appeal of the bankruptcy court's rulings. *See In re V&M Mgmt.*, Inc., 321 F.3d 6, 9 (1st Cir. 2003)(Our general rule regarding poorly developed arguments is to treat them as forfeited). In any event, in a lengthy and well-reasoned opinion, the judge found that Patriot had met its burden as to these claims. I will note having reviewed the record evidence and the judge's decision, the findings against Fustolo on these Counts was not a close call, in fact, the evidence against him was overwhelming.

For the reasons set forth above, Fustolo's appeal is *denied.* Before addressing the parties' cross motions for sanctions, however, the Court will address the last issue raised by Fustolo: that this Court denied him adequate time to file his brief. He requests that the Court grant him an additional sixty days to file a revised brief. For the reasons set forth below, that request is denied.

---

[1] Fustolo does not argue that the judge's bias caused her to rule against him on Counts II, III, and V. I will also note that Fustolo's bias argument regarding Count I is undermined by her finding in his favor on Count IV.

Fustolo filed his appeal on February 19, 2019. About five weeks later, on March 25, 2019, this Court entered a scheduling order in this case requiring that Fustolo file his brief by April 8, 2019. On March 27, 2019, Fustolo filed a motion requesting until June 4, 2019 to file his brief. That motion was filed by counsel who had filed an appearance in the bankruptcy court; counsel informed the court that it would not be representing Fustolo for purposes of the appeal and stated that Fustolo was in the process of obtaining counsel to represent him.[2] The motion was opposed. On April 10, 2019, the Court granted the motion, in part: Fustolo was granted an extension to file his brief, but only until May 6, 2019. On May 1, 2019, current counsel for Fustolo, John Mateus, filed his appearance; he did so fully aware of the briefing schedule set by the Court. On May 2, 2019, Mateus filed a motion for extension of time, until June 4, 2019, to file his brief. On May 6, 2019, before the Court had ruled on the request for an extension, Mateus filed a brief on behalf of his client—the Court then denied the request for an extension as moot. Mateus now contends that the Court did not grant him enough time to prepare his brief. First, counsel filed the brief before the Court had an opportunity to rule on the request for an extension and therefore, the Court assumes that he had an adequate time to prepare his brief. Second, in his motion for extension of time, Mateus informed the Court that he would require less than thirty days to prepare a brief, yet he now claims that he could not adequately brief the matter in less than sixty days. Given that Mateus knew of the Court imposed deadline when he took the case, that he filed his brief in a timely manner (and did not wait for the Court's ruling) and that he now claims that the 28 day extension that he originally requested would not have been adequate time to prepare a brief, the Court find that counsel is being disingenuous and making a thinly veiled

---

[2] Despite representing that he would not be representing Fustolo for purposes of the appeal, counsel has not filed a notice of disappearance in this case.

attempt to delay this proceeding. For that reason, his request for a further extension, which the Court will note was made as part of his brief and not in a formal motion, is denied.

## THE PARTIES' CROSS-MOTION FOR SANCTIONS

Given the lack of legal analysis, failure to properly cite to the record and the complete lack of merit in Fustolo's arguments, it is a very close call as to whether to grant Patriot's motion for sanctions. However, at the end of the day, I do not find that sanction would be appropriate at this time. Fustolo's motion for sanctions is denied and I caution counsel that it is beyond frivolous and so lacking in merit, that I am tempted to impose personal sanctions on him for filing it.

## Conclusion

1. Steven C. Fustolo's appeal is ***denied***. Accordingly, the decision of the bankruptcy court is ***affirmed***.

2. Appellee The Patriot Group, LLC's Motion For Damages And Costs Pursuant To Fed. R. Bankr. P. 8020 & Fed. R. App. P. 38 (Docket No. 17) is ***denied***; and

3. Steven Fustolo's Motion for Sanctions, Costs, Expenses, And Attorneys' Fees and Attorneys' Fees [sic] Against Appellee The Patriot Group LLC And Its Counsel (Docket NO. 24) is ***denied***.

**SO ORDERED.**

*/s/ **Timothy S. Hillman***
TIMOTHY S. HILLMAN
DISTRICT JUDGE